Pettibone, J.,
delivered the opinion of the Court.
This Was a suit in chancery, brought in the Circuit Court for the county of Wayne. The bill set forth, that in the year 1818, complainant purchased of Burnley, one of the defendants, a tract of land, containing 160 acres, lying in the now county of Wayne; that Burnley represented, that the title to said land was in him, and that he executed a deed to complainant for same, with covenant of general warranty. The deed contained the words, grant, bargain, and sell; that complainant paid part of the consideration money, and gave his obligation for the balance; that Burnley commenced a suit at law, in the Circuit Court of the county of Wayne, on the said obligation, to the use of Street, the other defendant, and obtained a judgment for §124 50 debt, together with costs; and that an execution had been taken out upon the judgment, and levied upon property of complainants. The bill then alledges, that the title to said land was in the United States, at the time of said sale, and that Burnley knew it. It then charges combination between defendants, and concludes with a prayer for a perpetual injunction against the said judgment. There were answers to the bill by both defendants, and a cross bill by Burnley; none of which will it be necessary to notice. The Judge granted an injunction, at the commencement of the suit, which, upon the final hearing of the bill, was dissolved, and the hill dismissed, with cost. From this decree, an appeal was taken to this Court. The only question is, whether, from the hill and answer, this decree is correct. In this case, the complainant has a complete remedy at law. He has guarded against any defect of title, by the covenants in his deed. Upon these, he must seek his remedy, and not in a Court of Equity. A Court of Equity, in a case of this kind, undoubtedly would have the right to interpose, by enjoining the money due on the judgment until a suit could be commenced and determined at law, npon the covenants in the deed ; and if there should be a recovery in such suit, might compel .an off-set. But it has no authority to take jurisdiction for the purposes of general relief, nor to grant a perpetual injunction. This Court interfering, merely in aid of, and auxiliary to, a proceeding at law, it is necessary that the complainant should show, in the first place, such facts as will induce their interference: such as the insolvency of the party who has the judgment, See.; and, secondly, that the party, in order to continue the injunction, should show all proper diligence in prosecuting his remedy at law. In this case it does not appear that any suit has been commenced on the covenants in the deed. The injunction, therefore, ought not to have been continued. The Court did right in dissolving it, and dismissing the bill.
The decree of the Court below must be affirmed, with costs.